22 F.3d 1184
 306 U.S.App.D.C. 102
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Darryl Maurice GWYNN, Appellant.
 No. 93-3010.
 United States Court of Appeals, District of Columbia Circuit.
 March 31, 1994.
 
 On Appeal from the United States District Court for the District of Columbia, No. 92cr00233-01; Charles R. Richey, District Judge.
 D.D.C.
 AFFIRMED.
 Before: MIKVA, Chief Judge, SILBERMAN and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 The petition for review was considered on the record from the United States District Court for the District of Columbia, on the briefs of counsel, and on oral argument. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellant seeks to overturn his conviction on charges of possession of cocaine base with intent to distribute. We find that the district court's jury instruction was not erroneous with respect to appellant's defense that the drugs were possessed by another individual with access to the apartment where they were found. The court properly instructed the jury that another individual's access to the drugs was "not dispositive" in itself of appellant's guilt or innocence. Although another individual's access is relevant to whether appellant possessed the drugs (as that evidence tends to make it more likely that he did not possess them), it is not alone dispositive of that fact because the jury could find that appellant possessed the drugs jointly with the other individual, or that he possessed only part of the cache. We also find that the court did not commit reversible error in refusing to admit testimony that the other individual sold drugs from the apartment over a month before appellant's arrest. The court did admit evidence of more recent such sales both before and after the arrest. The incident in question was thus cumulative and not very probative. Accordingly, it is
 
 
 3
 ORDERED and ADJUDGED that the district court's judgment from which this appeal is taken be affirmed.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).